from judgment of Erie County Court — attempted grand larceny, third degree.) Present — Cardamone, J.P., Callahan, Doerr, Denman and Schnepp, JJ.

■ CARBORUNDUM ENVIRONMENTAL SYSTEMS CANADA, LTD., Respondent, v NITEC PAPER CORPORATION et al., Appellants. — Order unanimously affirmed, with costs. Motion for a stay denied as moot. (Appeal from order of Niagara Supreme Court — strike case from trial calendar.) Present — Dillon, P.J., Cardamone, Doerr, Denman and Moule, JJ.

■ In the Matter of EDWARD C. COSGROVE, as District Attorney of Erie County, Petitioner, v LEON N. ARMER et al., Respondents. — Application unanimously denied and petition dismissed, without costs. Memorandum: The petitioner, District Attorney of Erie County, instituted this original article 78 proceeding in the nature of prohibition. He seeks a judgment prohibiting respondent, a Justice of the Supreme Court, from giving certain jury instructions in a criminal case which involves a driving while intoxicated charge. In petitioner's view, the proposed charge erroneously permits the jury to consider the punishment to be imposed upon finding defendant guilty. While conceding that respondent has jurisdiction in the case, the District Attorney argues that respondent's allegedly legally incorrect charge is an act in excess of respondent's jurisdiction. At issue is whether the proposed charge is simply a question of law erroneously decided by a trial court or action in excess of the trial court's legitimate powers which cannot be cured by an adequate remedy either at law or in equity, or by appeal. Even assuming the accuracy of every claim in the petition, the writ may not issue. A court may not entertain a collateral proceeding, as this is, in a pending criminal case to review an alleged error of law, even if it is otherwise unreviewable *(Matter of State of New York v King,* 36 NY2d 59, 62, 64; see *Matter of Jaffe v Scheinman,* 47 NY2d 188, 192-193; cf. *Matter of Steingut v Gold,* 42 NY2d 311, 315). The writ may issue under such circumstance only where the very jurisdiction and power of the court are at issue. We view this petition as alleging merely an error of law, which it clearly is, and as such it does not assert the kind of abuse or perversion of a trial court's jurisdiction as would warrant the issuance of a writ of prohibition. (Art 78.) Present — Cardamone, J.P., Doerr, Denman and Moule, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. RUFUS COPELAND, Appellant, v HAROLD J. SMITH, as Superintendent of the Attica Correctional Facility, Respondent. — Judgment unanimously reversed, writ sustained and relator restored to parole supervision. (See *People ex rel. Gonzales v Dalsheim,* 52 NY2d 9.) (Reargument of appeal from judgment of Wyoming Supreme Court — habeas corpus.) Present — Simons, J.P., Hancock, Jr., Callahan, Denman and Schnepp, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. STANLEY J. PYCLIK, Appellant, v HAROLD J. SMITH, as Superintendent of the Attica Correctional Facility, Respondent. — Judgment unanimously reversed, writ sustained and relator restored to parole supervision. (See *People ex rel. Gonzales v Dalsheim,* 52 NY2d 9.) (Reargument of appeal from judgment of Wyoming Supreme Court — habeas corpus.) Present — Simons, J.P., Hancock, Jr., Callahan, Denman and Schnepp, JJ.

■ In the Matter of CARL RALPH SCACCHETTI, JR., Attorney. — Order of suspension entered pursuant to section 90 (subd 4, par f) of the Judiciary Law. Present — Dillon, P.J., Cardamone, Simons, Hancock, Jr., and Callahan, JJ. (Order entered May 13, 1981.)