■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL EDWARD KELLERSON, Appellant. — Judgment unanimously affirmed (see *People v Passero,* 83 AD2d 769, application for lv to app den 54 NY2d 765). (Appeal from judgment of Monroe County Court, Mark, J. — burglary, second degree, etc.) Present — Simons, J. P., Hancock, Jr., Callahan, Doerr and Moule, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM W. WOODARD, Appellant. — Judgment, insofar as it imposes sentence, unanimously modified, as a matter of discretion in the interest of justice, to reduce the sentence to a term of a minimum of one year and a maximum of three years; and otherwise judgment affirmed. (Appeal from judgment of Orleans County Court, Miles, J. — attempted burglary, second degree.) Present — Dillon, P. J., Simons, Hancock, Jr., Denman and Schnepp, JJ.

■ In the Matter of NORMAN GLENISTER, Petitioner, v ROSE D. LA MENDOLA, as County Judge of Erie County, et al., Respondents. — Application unanimously denied and petition dismissed, without costs. Memorandum: In this CPLR article 78 proceeding in the nature of prohibition, petitioner seeks judgment compelling a County Court Judge to withdraw a decision directing entry of an order of dismissal of a criminal charge of loitering (Penal Law, § 240.35, subd 3) which was filed against petitioner in the City Court of Buffalo. Petitioner was convicted of the charge and on appeal to the County Court, a decision was rendered ordering that the conviction be reversed and the charge be dismissed because of insufficiency of the criminal information. Petitioner contends that because he had waived the insufficiency of the information, County Court exceeded its power under CPL 470.15 in determining that issue. He asks that County Court be prohibited from entering an order on the decision and be directed to decide the constitutionality of subdivision 3 of section 240.35 of the Penal Law. It is well settled that a court may not entertain a collateral proceeding in a pending criminal case to review an alleged error of law, even if it is otherwise unreviewable *(Matter of State of New York v King,* 36 NY2d 59, 62, 64), unless the very jurisdiction and power of the court are at issue *(Matter of Cosgrove v Armer,* 81 AD2d 1042). The petition here claims no more than an error of law and as such it does not assert the kind of abuse or perversion of jurisdiction that would warrant the issuance of a writ of prohibition. (Art 78.) Present — Dillon, P. J., Simons, Hancock, Jr., Denman and Schnepp, JJ.