■ The People of the State of New York, Respondent, v Robert Campbell, Appellant. — Case held, decision reserved and matter remitted to Monroe County Court for further proceedings, in accordance with the following memorandum: Defendant claims on appeal that he was denied his constitutional and statutory rights to a speedy trial. We find no merit to his constitutional argument. He was tried within nine months of the filing of the felony complaint and would have been tried six weeks earlier had he appeared for trial on the scheduled date. He was not incarcerated during most of the period in which the charges were pending and he shows no prejudice resulting from delay (see People v Lomax, 50 NY2d 351; People v Taranovich, 37 NY2d 442). We are unable to resolve the statutory issue (see CPL 30.30). The People must be ready for trial within six months of filing of the felony complaint and the record must reflect a demonstration of readiness (People v Hamilton, 46 NY2d 932). The parties agree in their respective briefs that the felony complaint was filed on January 31, 1980 and that the People announced their readiness for trial on September 10, 1980. On argument of the motion before the trial court, the District Attorney contended that the six-month period began to run with the filing of the indictment on April 18, 1980 and it is unclear in the record whether the court, in denying defendant's motion, adopted the District Attorney's erroneous position. Understandably, the argument is not pursued on

appeal. The People now contend that because 43 days should be excluded from the computation pursuant to CPL 30.30 (subd 4), the readiness rule was satisfied. Since the trial court heard no evidence bearing on delays chargeable to defendant and denied the motion without making finding of fact, we remit the case for a hearing and appropriate findings in accordance with CPL 30.30 (subd 4) (see *People v Williams,* 67 AD2d 1094). One other matter requires comment. In proceedings of May 16, 1980, the court, on application of defendant, ordered this case to the Trial Calendar. On previous appeals, the District Attorney has argued, and we have held, that movement of the case to the Trial Calendar in Monroe County "constitutes a record demonstration of readiness" (*People v Passero,* 83 AD2d 769, application for lv to app den 54 NY2d 765; see, also, *People v Kellerson,* 84 AD2d 965, application for lv to app den 55 NY2d 830; *People v Everett,* County Ct, Monroe County, Bergin, J., affd 75 AD2d 1026, application for lv to app den 50 NY2d 1001). We repeat that holding in a case decided herewith (see *People v Burney,* 90 AD2d 959). No such argument is made here by the District Attorney and we can only assume that the absence thereof has a basis not readily apparent in the record. (Appeal from judgment of Monroe County Court, Celli, J. — burglary, third degree, and another charge.) Present — Dillon, P. J., Callahan, Doerr, Denman and Moule, JJ.