■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HELENA SCAVONE, Appellant. — Judgment unanimously affirmed (see *People v Fuschino,* 51 NY2d 91; *People v Servidio,* 54 NY2d 951). (Appeal from judgment of Oneida County Court, Buckley, J. — assault, second degree, and other charges.) Present — Dillon, P. J., Callahan, Boomer, Green and Schnepp, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT CAMPBELL, Appellant. — Judgment unanimously affirmed. Memorandum: On prior submission of this appeal we held the case, reserved decision and remitted the matter for a hearing and appropriate findings in accordance with CPL 30.30 (subd 4) (*People v Campbell,* 90 AD2d 967). Following the hearing on stipulated facts, the court concluded that defendant was denied his statutory right to a speedy trial. We disagree. The People must be ready for trial within six months of filing of the felony complaint (CPL 30.30, subd 1, par [a]; *People v Osgood,* 52 NY2d 37). The felony complaint was filed on January 31, 1980 and the People announced their readiness for trial on September 10, 1980. The parties agree that the hearing court properly excluded from the computation of the time within which the People must be ready for trial two periods totaling 15 days. At issue is whether the court erred in refusing to exclude a 28-day period from January 31, 1980 to February 27, 1980, during which the matter was thrice adjourned in Rochester City Court to afford defendant an opportunity to retain personal counsel. The court found that defendant was not represented by counsel at those City Court appearances and that because he had not been advised of his speedy trial rights and the effect of his consent to a continuance (see CPL 30.30, subd 4, par [b]), the 28-day period could not be excluded. We reject that analysis and we find that the 28-day period must be excluded. On each of the three City Court appearances defendant was represented by the Public Defender for the limited purpose of seeking the adjournments. While it is true that an unrepresented defendant must not be deemed to have consented to a continuance unless he has been advised as statutorily required, such advice is unnecessary where either defendant or his counsel requests the continuance (see CPL 30.30, subd 4, par [b]). Here, the record demonstrates that both the Public Defender and the defendant requested the adjournments. Also without merit is defendant's argument, made in reliance upon our decision in *People v Thill* (75 AD2d 709, revd on other grounds 52 NY2d 1020), that no period of preindictment delay should be excluded. We are not here concerned, as we were in *Thill,* with the period of delay between the holding of a defendant for the Grand Jury and his arraignment on the indictment. The Court of Appeals has specifically recognized that preindictment adjournments requested by a defendant may be excluded under the statute (*People v Sturgis,* 38 NY2d 625; see, also, *People v Ronzetti,* 88 AD2d 982). It follows from the foregoing that the People were ready for trial within six months of filing of the felony complaint. (Resubmission of appeal from judgment of Monroe County Court, Celli, J. — burglary, third degree, and attempted petit larceny.) Present — Dillon, P. J., Callahan, Boomer, Green and Schnepp, JJ.