OPINION OF THE COURT
Bruce M. Kaplan, J.
The Assistant District Attorney presenting a designated felony petition is not obligated to recite the ritualistic formula “Ready for trial” to signify her ability to proceed to hearing in order to avoid the onerous consequences of the speedy trial statute. For this reason respondent’s motion to dismiss pursuant to CPL 30.30 is denied.
CPL 30.30 (subd 1, par [a]) requires the People to be ready for trial within six months of the commencement of a criminal action wherein the respondent is charged with a felony.
In the present case respondent was arraigned on several charges in Criminal Court on July 6,1982, and the matter was removed subsequently to Family Court.
The Assistant District Attorney claims .that she communicated her readiness for trial on January 5,1983, one day before the statutorily prescribed readiness period expired. The record supports her position.
To sústain an assertion of readiness, “the People must communicate readiness for trial to the court on the record *591 when ready to proceed.” (People v Hamilton, 46 NY2d 932, 933.) While the Assistant District Attorney did not mouth the specific words “ready for trial” on January 5,1983, she did state that her witness was present.
Although the matter did not proceed to trial on that date, an examination of the transcript reveals that the reason for the adjournment was wholly ascribable to respondent. The matter did not proceed to trial at that time, however, because respondent was not present in court. On first call the Law Guardian advised the court that respondent was involved in a trial in New York County Supreme Court. On recall that afternoon, respondent still had not appeared. The matter was adjourned to January 11,1983. One cannot read Hamilton (supra), for the proposition that the People are required to intone the ritualistic incantation “ready for trial” in order to avoid the dismissal of the petition.
Such a reading would ignore the realities of the situation. This case did not proceed to trial on January 5, 1983 because the respondent was absent.[1] Under these circumstances the court finds that the People were ready for trial on that date, and that readiness was communicated by the District Attorney notwithstanding the absence of a specific litany.
In support of the motion respondent’s counsel submitted a boiler plate affirmation which observed “At no time has the District Attorney declared ready for trial.” The omission to recite certain specific words was the sole reason advanced by respondent to entitle him to the requested relief.[2]
*592 Such an averment harkens back to the arcane practice of common-law pleading where a failure to recite the appropriate thalmaturgic incantation resulted in a dismissal of the suit.[3]
For well over a century a more enlightened philosophy has prevailed reflected in the mandate of the CPLR that pleadings be liberally construed. Our decisional law also evidences the precept that catechistic formulations be adjured.
In People u Nixon (21 NY2d 338, cert den sub nom. Robinson v New York, 393 US 1067) the Court of Appeals decried the necessity for a particular catechism to be used by a trial court when accepting a plea. Rather, it required that the particular formulation be left to the discretion of the Trial Judge. In People v Lloyd (51 NY2d 107) the Court of Appeals held that there was no prescribed format or catechism that a court must follow in advising defendants of the risks inherent in joint representation, and the potential for conflicts of interest.
In People v Rickert (58 NY2d 122) the Court of Appeals rejected the claim that in granting a motion to dismiss pursuant to CPL 170.40 it was necessary to make specific reference to the 10 factors and circumstances detailed in the statute.
The path of the law has veered sharply from the draconion requirements of formalistic recitations. There is no requirement that readiness for trial be signaled by a particular phrase which must be utilized to the exclusion of all others. In Monroe County the court rules provide that the District Attorney communicates readiness for trial by failing to object when the court places a case on the Trial Calendar. (People v Burney, 90 AD2d 959; People v Kellerson, 84 AD2d 965, application for lv to opp den 55 NY2d 830; People v Passero, 83 AD2d 769, application for lv to opp den 54 NY2d 765.) There is thus recognized that readiness for trial can be communicated in more than one way.
*593 In recognition of the present letter and spirit of the law, this court holds that a petitioner can declare its readiness for trial without recourse to that specific phrase.
Since the People were ready for trial within six months of the commencement of this proceeding, it is unnecessary for the court to consider whether the period of time during which respondent was out on a warrant should be excluded from the time charged against the People. (But see People v Escoto, NYLJ, June 14, 1983, p 11, col 6.)
The matter is scheduled for a hearing in Part C on August 25, 1983. The Commissioner of Juvenile Justice is ordered to produce respondent on that date.

. The case could not proceed to trial in respondent’s absence. In order for this to happen there must first have been a determination that respondent had waived his right to to be present at a criminal trial, a right guaranteed by the confrontation clause of the Federal and State Constitutions. In People v Parker (57 NY2d 136), the Court of Appeals held that before a defendant could be tried in absentia, the People were obligated to demonstrate by constitutional standards that he had voluntarily and intelligently relinquished his right to be present. Under the present circumstances the Assistant District Attorney scrupulously refrained from urging waiver for, quite obviously, respondent was not voluntarily absent.

. Respondent’s motion also alluded to a violation of respondent’s constitutional rights to a speedy trial guaranteed by the Fourteenth Amendment. This contention is urged only by a cursory statement wholly devoid of detail, about his ability to locate witnesses and prepare a defense. Respondent’s presentation is so patently deficient that the court must rule that no valid constitutional question has been presented. (See People v Lomax, 50 NY2d 351.)

. 3 Weinstein-Korn-Miller, NY Civ Prac, par 3026.01 notes that with the advent of the (civil practice) codes the common-law pattern of construing a pleading against its author was reversed. In fact the Code of Procedure of 1848 mandated that “ ‘In the construction of a pleading * * * its allegations shall be liberally construed with a view to substantial justice between the parties.’ ” (Emphasis added.)