*729 OPINION OF THE COURT
Memorandum.
The order of the County Court should be reversed and a new trial ordered.
Appellant has been convicted of petit larceny arising from the theft of two pairs of sunglasses from a drug store. At a hearing on the suppression motion, the Town Court of Guilderland set the trial date for February 12, 1980. The trial was thereafter rescheduled by the court for February 13, but appellant failed to appear. On February 13, appellant’s counsel sought a continuance, explaining that he had tried without success to reach his client in order to advise him of the change from February 12 to February 13. The court indicated that it had issued a bench warrant that morning for appellant’s arrest but the officer assigned to the warrant learned that appellant had left both his job and home a week earlier. Concluding that appellant by his absence had knowingly and intentionally waived his right to be present at the trial, the court denied the request for a continuance. Over counsel’s repeated objection, appellant was tried in absentia.
About two weeks after the conviction, appellant voluntarily appeared in court for sentencing. The court imposed a one-year jail term, the maximum possible sentence. On appeal, the County Court affirmed, three weeks before our decision in People v Parker (57 NY2d 136). In Parker, we held that to effect a voluntary, knowing and intelligent waiver, “the defendant must, at a minimum, be informed in some manner of the nature of the right to be present at trial and the consequences of failing to appear for trial” (People v Parker, supra, at p 141). The record here is devoid of any indication that appellant was informed that the trial would proceed in his absence.
The People urge that Parker should not be applied to misdemeanor prosecutions because to do so would be to impose an undue burden on local courts. The defendant’s right to be present at a criminal trial is encompassed within the confrontation clauses of the State and Federal Constitutions (People v Parker, supra, at p 139; NY Const, art I, § 6; US Const, 6th Arndt). This right cannot be compromised because only a misdemeanor ife charged.
*730 Appellant contends the information should be dismissed because of its failure to specify larcenous intent. Since the omission did not constitute a jurisdictional defect, there is no basis to dismiss the information. Nor is there any merit to appellant’s contention that the information should be dismissed because, at trial, identification of him by name was based on hearsay, his name having been learned by the witness from others. The same witness had identified appellant in person and by name by pointing to him at the suppression hearing, and the identification testimony at trial was therefore competent evidence.
We have considered appellant’s remaining contentions and find them to be without merit.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur in memorandum.
Order reversed, etc.