■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRENCE M. BRITTON, Appellant. — Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered February 25, 1982, upon a verdict convicting defendant of the crime of criminal possession of a controlled substance in the third degree.

The issue presented in this case is whether defendant was properly tried *in absentia* when, having received actual notice that his trial was to begin the following day but not having been informed of the consequences of his failure to appear, he voluntarily failed to appear for the trial. We conclude, as the District Attorney candidly concedes in the People's brief, that defendant was improperly tried *in absentia* (*People v Trendell,* 61 NY2d 728; *People v Parker,* 57 NY2d 136). The judgment should therefore be reversed and a new trial ordered.

Defendant was indicted on December 22, 1981 and charged with a single count of criminal possession of a controlled substance in the third degree. He was released on bail on December 24, 1981. On February 2, 1982 at approximately 4:30 to 5:00 P.M., defendant's counsel was directed by telephone by a Judge of the Albany County Court to produce defendant for trial the following day.

Counsel appeared on February 3, 1982 before County Court and advised the court that he had spoken with defendant the previous evening and informed defendant he was to be in court the following morning. Counsel further advised the court that defendant's whereabouts at that time were unknown to him. Counsel further stated that, upon inquiry by defendant, he informed him that his bail would be revoked and forfeited and a warrant issued for his arrest if he should fail to appear. After a single day's adjournment, trial of defendant commenced *in absentia.* Defendant was convicted of the crime charged in the

indictment and sentenced to a prison term of 8⅓ to 25 years. This appeal ensued.

It does not appear from the record that defendant was informed of the dire consequences which could ensue upon his failure to appear for trial. There is no showing that defendant was aware that the trial would proceed to conclusion in his absence. A new trial is required under *People v Parker* (*supra*) and *People v Trendell* (*supra*).

Judgment reversed, on the law and the facts, and matter remitted to the County Court of Albany County for a new trial. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.