OPINION OF THE COURT
Denis R. Hurley, J.
The respondent is charged with being a juvenile delinquent, with the underlying acts alleged being burglary, second degree (Penal Law § 140.25 [2]), and sexual abuse, third degree (Penal Law § 130.55 [a]).
The case has progressed to the point where the presentment agency (hereinafter County) has presented their case-in-chief. At its conclusion, the respondent moved to dismiss the petition on two grounds: (1) the failure of the County’s key witnesses to identify, by “pointing out” in court, the respondent as one of the persons who allegedly sexually abused the complainant, after entering her home without permission and (2) claimed lack of corroborative evidence of accomplices’ testimony linking respondent to the acts upon which the juvenile delinquency petition is *1040 predicated. Based on those alleged deficiencies in proof, respondent urges that the County has failed to establish a prima facie case. In considering that application, the court is required to construe all the evidence in the light most favorable to the County, even though the court is the trier of fact.
FAILURE OF THE COUNTY’S WITNESSES TO “point out” respondent in court
The complaining witness testified that the respondent entered her home without permission, along with two other boys. Once inside, the boys chased her, threw her to the floor and, inter alia, pulled up her sweater and fondled her breasts. She was unable, however, to testify what each of the boys did specifically with respect to the violation of her person.
Consequently her testimony — standing alone — was insufficient to link the respondent Steven B. with the sexual abuse charge. She (unlike the County’s subsequent witnesses) was asked by the prosecution whether she saw the respondent in the courtroom. She answered “yes”, and then “pointed out” the respondent when asked to do so.
The County next called as witnesses the two boys who entered the house with the respondent, both of whom clearly were his “accomplices”, as that term is defined in Family Court Act § 343.2 (2). Those witnesses provided the specificity absent from the complaining witness’s testimony. Each testified unequivocally that he observed Steven B. sexually abuse the complaining witness. However, none of these witnesses was asked during his testimony to “point out” the respondent.
The respondent claims that this apparent oversight is fatal to the sexual abuse charge. If in fact adherence to the typical “pointing out” procedure is a necessary element of the prosecutor’s proof, the respondent is correct. The sexual abuse charge cannot stand absent the incriminating testimony of his accomplices.
However, I find the respondent’s argument in this regard to be without merit. Granted, experienced prosecutors invariably ask their witnesses to identify the accused by pointing him out to the trier of fact. Admittedly, this practice is sound and should be followed. But if it isn’t — as it wasn’t with respect to Steven B. — must a motion to dismiss at the end of the County’s case be granted?
No relevant cases have been cited to the court, and my research fails to disclose any decisions directly on point. (But compare, People v Trendell, 61 NY2d 728, 730 [1984]: “Nor is *1041 there any merit to appellant’s contention that the information should be dismissed because, at trial, identification of him by name was based on hearsay, his name having been learned by the witness from others. The same witness had identified appellant in person and by name by pointing to him at the suppression hearing, and the identification testimony at trial was therefore competent evidence”.) This absence of case law on point is not surprising, however, since a prosecutor’s failure to ask the standard questions is typically followed by a motion to “reopen”, or to “recall a witness”, to correct the oversight. No such motion was made in the present case.
So, yes, it would have been better practice had the prosecutor asked the accomplice witnesses to “point out” the respondent and, upon learning of his failure to do so, to have asked for permission to reopen the County’s case. Nonetheless his failure to do either does not warrant the relief demanded by the respondent.
The County is required to establish that a crime was committed and that the respondent committed it. The complaining witness identified the respondent by name, and pointed him out in court, as one of the boys who forcibly entered her home and chased her. She further testified that she knows all of the boys from school, and that the boys associate with one another at school. The respondent’s accomplices testified that they had entered the complaining witness’s home — including Steven B. — and that they — again, including Steven B. — had sexually abused her within her home.
Viewing all the evidence most favorably to the County — as I must in determining the present motion — I find that the County has presented a prima facie case.
In reaching this conclusion, I have drawn an analogy to cases in which a defendant is tried in absentia. If the respondent’s present argument is sound, it would necessarily mean that a conviction rendered after a trial had in the defendant’s absence would be unsound. But such is not the law. Convictions in such cases — given other competent proof sufficiently linking the accused to the crime — pass judicial muster. Why? Because an in-court “pointing out” identification is not an essential element of the prosecutor’s proof. Now I know that the common thread in “in absentia” decisions is that the accused waived his right to be present. (See, e.g., People v Aiken, 54 AD2d 937 [2d Dept 1976], affd 45 NY2d 394 [1978]; People v Hicks, 90 Misc 2d 609 [Sup Ct, NY County 1977].) Here, of course, Steven B. did not relinquish any of his trial rights, and was present throughout the proceed *1042 ing. Yet that distinction, in my view, is of no particular moment for present purposes. If, as the respondent urges, conviction may not be had absent an in-court “pointing out” of the accused, the accused may not “waive” that requirement, just as he could not agree to have his guilt or innocence determined by a standard other than beyond a reasonable doubt. A defendant may waive a “right” (such as his right to be present at his trial), but he may not waive an essential element of the prosecutor’s proof.
In sum, I conclude that an in-court “pointing out” identification, while clearly preferable, is not an essential part of a prosecutor’s case. That is why a trial in absentia may result in a valid conviction, and why the respondent’s motion to dismiss — predicated on this gap in the County’s evidence — has been rejected by the court.
CORROBORATIVE EVIDENCE OF ACCOMPLICES’ TESTIMONY
The second ground for dismissal urged by the respondent is a claimed lack of corroborative evidence of the accomplices’ testimony that Steven B. sexually abused the complaining witness.
The record is devoid of any evidence from any source other than the two accomplices that the respondent sexually abused the victim. Except for them, no one testified that he did so.[2] Given those facts, must the sex abuse charge fall? The answer to that question obviously depends on what type of corroborative evidence is required under Family Court Act § 343.2,[3] which section is entitled “Rules of evidence; corroboration of accomplice testimony”. Must the corroborative evidence cover each and every element of the crime charged as respondent maintains, or is such independent proof sufficient if it simply provides a reasonable basis to conclude that the accomplices are telling the truth?
Section 343.2 (1) provides in pertinent part: “A respondent may not be found * * * delinquent upon the testimony of an accomplice unsupported by corroborative evidence tending to connect the respondent with the commission of the crime” (emphasis supplied).
The use of the word “tending” in section 343.2 (1) certainly, at the very least, suggests that the respondent’s argument is incorrect. That conclusion is reinforced — indeed, mandated — by reference to the applicable decisional law. (See, e.g., People v *1043 Hudson, 51 NY2d 233 [1980]; People v Smith, 55 NY2d 945 [1982]; People v Dixon, 231 NY 111, 116 [1921]: “The corroborative evidence need not show the commission of the crime; it need not show that defendant was connected with the commission of the crime * * * It is enough if it tends to connect the defendant with the commission of the crime in such a way as may reasonably satisfy the jury that the accomplice is telling the truth”; People v Cuevas, 99 AD2d 553 [2d Dept 1984]; People v Moses, 91 AD2d 239 [1st Dept 1983].)
The standard, therefore, in judging the sufficiency of corroborative evidence is whether it provides a reasonable basis to conclude that the accomplices’ testimony was truthful. (People v Dixon, supra.) The mere presence of the accused at the scene of the crime would not suffice. (People v Moses, supra, at p 242.) Something more is obviously required, which “something more” is found in the present record.
The nonaccomplice testimony tending to connect Steven B. with the sexual abuse charge includes the following:
1. Testimony of complaining witness’s 13-year-old brother Frankie. Frankie testified that he was at a neighbor’s party shortly before the incident, and overheard one of the accomplices say to another accomplice and Steven B.: “Let’s go rape Laura”; all three boys were then observed to immediately leave the party, and proceed to the complaining witness’s house.
Frankie thereupon went home. He saw three boys inside with Laura, to wit, Steven B. and the two accomplices that testified at the trial. One of the accomplices was “playing with the phone”. The other two (which, of course, would include the respondent) he saw “on top” of his sister on the floor in the hallway.
After the victimization of his sister ceased, Frankie saw the respondent and the others flee the area when chased by a 20-year-old neighbor.
2. Testimony of friend of Frankie. This witness testified that he too heard the “Let’s go rape Laura” statement, and that Steven and the other two boys left immediately thereafter in the direction of the complaining witness’s house. He accompanied Frankie to Frankie’s home. At that location, he heard the complaining witness say “They tried to rape me”, and he saw the respondent near the home.
3. Testimony of complaining witness. Although the complaining witness was unable to indicate specifically what each of the boys did to her, her testimony otherwise dovetailed precisely with that of the two accomplices who testified.
*1044 In conclusion, there is ample corroborative testimony in the record to support the accomplices’ testimony against Steven B.
CONCLUSION
For the reasons above stated, the resondent’s motion to dismiss the petition for failure to present a prima facie case is denied, in toto. The trial will resume at 2:00 p.m. on May 1,1985, in Part III of the Family Court.

. It is well settled that the testimony of one accomplice may not be used to corroborate the testimony of another accomplice. (People v Mullens, 292 NY 408 [1944].)

. Family Court Act § 343.2 is modeled after, and mirrors the language of Clayton 60.22.