OPINION OF THE COURT
Jeffry H. Gallet, J.
The prosecution moves, ex parte, to restore this juvenile delinquency proceeding to the Trial Calendar after the previously granted adjournment in contemplation of dismissal (ACD) was vacated by the court on its ex parte application. (Family Ct Act §315.3 [1]; Matter of Richard C, 115 Misc 2d 314 [Fam Ct, Queens County 1982].)
ISSUE
At issue here is the notice to which the respondent is entitled upon restoration of the proceeding to the calendar (Family Ct Act § 315.3).
FACTS
The first petition filed against respondent alleged that he had committed acts which if committed by an adult would constitute the crimes of robbery in the second degree (Penal Law § 160.10 [1]); robbery in the third degree (Penal Law § 160.05); grand larceny in the third degree (Penal Law *811 § 155.30 [5]); and criminal possession of stolen property in the third degree (Penal Law § 165.40). Prior to trial, on respondent’s motion, the proceeding was adjourned in contemplation of dismissal on condition, inter alia, that respondent abstain from any act which if committed by an adult would be an offense (Family Ct Act § 315.3 [2]; 22 NYCRR 2503.5). In a second proceeding, prior to a dismissal pursuant to the ACD, respondent was found by the Family Court to have committed acts which would constitute attempted assault in the second degree (Penal Law §§ 110.00, 120.05 [1]), if done by an adult. The ACD was vacated and the prosecution directed to notify respondent of the restoration of the case to the Trial Calendar by personal service.
On the trial date, the respondent did not appear and the court was advised that personal service had not been attempted. The prosecution contended that personal service was not required, even though directed by the court.
THE LAW
Restoration to the Trial Calendar is, for practical reasons, an ex parte procedure (People v Clark, 120 Misc 2d 365, 368 [Crim Ct, Kings County 1983]). It is the notice necessary to continue the proceeding which poses the problem.
The prosecution relies on Matter of Richard C. (supra). That case holds that a juvenile respondent, under facts analogous to this case, has no statutory or constitutional right to a hearing prior to the vacatur of an ACD and restoration of the proceeding to the calendar. (Supra, at p 314.) The Richard C. court recognized in its analysis that a juvenile deliquency proceeding is a criminal case and that the respondent is entitled to all of the rights and protections of a criminal defendant (Matter of Demetrius W., 126 Misc 2d 440 [Fam Ct, Kings County 1984]).
Therefore, the prosecution’s reliance on CPLR 2214 to support its position is misguided. At issue is the constitutional protections of a criminal defendant. As the court in Matter of Richard C. points out, "the defendant [simply] look[s] on” prior to a vacatur of an ACD and his "rights attach only when he is called upon to defend on the merits” (115 Misc 2d 314, 317, supra).
It is at the defense stage that we find ourselves now. A vacatur has been ordered and the case has been restored to the calendar for trial of the charges against the respondent. *812 There has been no finding of guilt and the respondent is entitled to the same constitutional protections as any other criminal defendant (Matter of Lynell H., 121 Misc 2d 1005 [Fam Ct, Kings County 1983]).
The presentment agency argues that it need only mail notice of the scheduled trial to the respondent. Let us examine the consequences of that position. If the respondent does not appear, neither of the remedies usually applied to a nonappearing respondent, issuance of a warrant or proceeding to trial in the respondent’s absence is available.
A warrant may only be issued pursuant to Family Court Act § 312.2 which provides, in essence, that a condition precedent to its issuance is a finding that "the respondent or a parent has disobeyed a summons to appear or appearance ticket, a summons cannot be served or the respondent or parent is likely to leave the jurisdiction.” (Sobie, Practice Commentary, McKinney’s Cons Laws of NY, Book 29A, part I, Family Ct Act § 312.2, p 352.) Indeed, the Legislature intended the same conditions precedent to apply even to postconviction warrant applications (Family Ct Act § 360.2 [3]). Here, a presumed innocent respondent would not be subject to a warrant absent a clear demonstration that the requirements of Family Court Act § 312.2 have been met.
Similarly, a trial in respondent’s absence would be inappropriate. The respondent’s right to be present at trial is encompassed within the confrontation clauses of the State and Federal Constitutions (People v Trendell, 61 NY2d 728 [1984]; NY Const, art I, § 6; US Const 6th Amend). That right may be waived by a respondent, but only if he is informed of his right to be present at trial and of the consequences of his failure to appear (People v Parker, 57 NY2d 136 [1982]). Here, absent personal service, there is no reason to assume that the respondent will get the minimum notice necessary to even begin an inquiry under the guidelines set forth in People v Parker (supra).
DECISION
There being no facts before the court to lead it to believe either that respondent cannot be personally served with a summons or that he will not appear if so served, this court finds that service of notice to the respondent of the date of his trial by mail service would be a futile act.
Accordingly, the clerk is ordered to issue a summons for *813 respondent and the prosecution is directed to make personal service of that summons on him.