■ DEVELOPMENT AUTHORITY OF THE NORTH COUNTRY, Respondent, v DONALD F. SAYYEAU, as Town Justice of the Town of Rodman, et al., Appellants. (Appeal No. 1.)—Judgment unanimously reversed on the law without costs and petition dismissed. Memorandum: In this CPLR article 78 proceeding in the nature of prohibition, petitioner seeks judgment vacating summonses issued by respondent Sayyeau as Town Justice of the Town of Rodman charging agents of petitioner with criminal trespass and violation of the town zoning ordinance. Petitioner also seeks judgment enjoining respondents from issuing any further summonses of the same sort. Petitioner contends that since it has the power of eminent domain and condemnor status its agents cannot be charged with trespass and are immune from local zoning ordinances.

Special Term erred in granting the petition. It is well settled that the extraordinary remedy of prohibition lies only where there is a clear right and only when a court acts without jurisdiction in a matter over which it has no power over the subject matter or where it exceeds its authorized powers in a proceeding over which it has jurisdiction *(Matter of Rush v Mordue,* 68 NY2d 348, 352; *Matter of State of New York v King,* 36 NY2d 59, 62). Respondent Sayyeau clearly had the power to issue the summonses *(see,* UJCA 2005; CPL 130.30; NY Const, art VI, § 17). Thus, we view this petition as alleging merely an error of law which does not constitute the kind of abuse or perversion of a trial court's jurisdiction as would warrant the issuance of a writ of prohibition *(Matter of Glenister v La Mendola,* 84 AD2d 965; *Matter of Cosgrove v Armer,* 81 AD2d 1042). The other issues raised by petitioner can be raised before respondent Town Justice Sayyeau and any adverse ruling may be appealed. (Appeal from judgment of Supreme Court, Jefferson County, Inglehart, J.—art 78.) Present—Denman, J. P., Green, Pine and Balio, JJ.