THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT CAMPBELL, Appellant. [619 NYS2d 917] —Judgment unanimously reversed on the law and new trial granted on count one of indictment and indictment otherwise dismissed without prejudice to the People to re-present any appropriate charges under count two of indictment to another Grand Jury. Memorandum: County Court erred in proceeding with the trial in defendant's absence. Although a defendant may waive his constitutional right to be present at trial *(see, People v Mehmedi,* 69 NY2d 759, 760; *People v Quamina,* 161 AD2d 1110, 1111, *lv denied* 76 NY2d 943), in order for that waiver to be effective, it must be voluntary, knowing and intelligent *(see, People v Parker,* 57 NY2d 136, 140; *People v Epps,* 37 NY2d 343, 349, *cert denied* 423 US 999). "In order to effect a voluntary, knowing and intelligent waiver, the defendant must, at a minimum, be informed in some manner of the nature of the right to be present at trial and the consequences of failing to appear for trial" *(People v Parker, supra,* at 141). Here, the record establishes that defendant was never advised of his right to be present at trial or that the trial would proceed in his absence. Thus, it cannot be said that defendant effectively waived his right to be present at trial *(see, People v Parker, supra; People v McGee,* 161 AD2d 1195, *lv dismissed* 76 NY2d 861; *cf., People v Quamina, supra,* at 1111). Absent an effective waiver, the court lacked jurisdiction to try defendant in his absence, and the trial was a nullity *(see, People v Epps, supra,* at 348, 349; *People v McGee, supra,* at 1195). Thus, we reverse and grant a new trial on count one of the indictment. Inasmuch as defendant was convicted of the lesser included offense of criminal mischief in the fourth degree under count two of the indictment, that count must be dismissed without prejudice to the People to re-present any appropriate charges under that count to another Grand Jury *(see, People v Gonzalez,* 61 NY2d 633, 635; *People v Grant,* 197 AD2d 910). (Appeal from Judgment of Monroe County Court, Wiggins, Jr., J.—Attempted Burglary, 3rd Degree.) Present—Balio, J. P., Lawton, Wesley, Callahan and Davis, JJ.