In the Matter of ARIELLE B., Appellant. NIAGARA COUNTY ATTORNEY, Respondent. [794 NYS2d 241]—

Appeal from an order of the Family Court, Niagara County (David E. Seaman, J.), entered June 23, 2004. The order adjudicated respondent a juvenile delinquent and placed respondent in the custody of the New York State Office of Children and Family Services for a period of 18 months.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs and the matter is remitted to Family Court, Niagara County, for further proceedings on the petition.

Memorandum: Respondent appeals from an order adjudicating her to be a juvenile delinquent and placing her in the custody of the New York State Office of Children and Family Services for a period of 18 months. We agree with the contention of respondent that she was denied her constitutional right to be present at the fact-finding hearing. It is well established that respondents in juvenile delinquency proceedings have a constitutional and statutory right to be present at all material stages of court proceedings, including fact-finding hearings (see US Const 6th Amend; NY Const, art I, § 6; Family Ct Act § 341.2 [1]). They may, however, waive the right to be present at such proceedings (see *Matter of Hand*, 129 Misc 2d 810, 812 [1985]; *Matter of Leroy B.*, 120 Misc 2d 590, 591 n 1 [1983]; see generally *People v Parker*, 57 NY2d 136, 141 [1982]; *Matter of Anthony B.*, 43 AD2d 688, 689 [1973]). "In order to effect a voluntary, knowing and intelligent waiver, the [respondent] must, at a minimum, be informed in some manner of the nature of the right to be present at [the fact-finding hearing] and the conse-

quences of failing to appear" for that hearing (*Parker*, 57 NY2d at 141; *see People v Campbell*, 209 AD2d 1042 [1994]). Here, respondent was advised of her "duty" to be present, but she was not advised of her "right" to be present, or of the consequences of her failure to appear. "Thus, it cannot be said that [respondent] voluntarily and knowingly waived [her] right to be present" at the fact-finding hearing (*People v McGee*, 161 AD2d 1195, 1195 [1990], *lv dismissed* 76 NY2d 861 [1990]; *see Campbell*, 209 AD2d 1042 [1994]). We therefore reverse the order and remit the matter to Family Court for further proceedings on the petition.

Based on our determination, we need not address respondent's remaining contentions. Present—Green, J.P., Scudder, Gorski, Pine and Lawton, JJ.