Matter of Jerome G. (2021 NY Slip Op 01581)





Matter of Jerome G.


2021 NY Slip Op 01581


Decided on March 19, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, LINDLEY, AND TROUTMAN, JJ.


194 CAF 20-00831

[*1]IN THE MATTER OF JEROME G., RESPONDENT-APPELLANT. ERIE COUNTY ATTORNEY, PETITIONER-RESPONDENT.






DAVID C. SCHOPP, THE LEGAL AID BUREAU OF BUFFALO, INC., ATTORNEY FOR THE CHILD, BUFFALO (JOHN MORRISSEY OF COUNSEL), FOR RESPONDENT-APPELLANT.
MICHAEL A. SIRAGUSA, COUNTY ATTORNEY, BUFFALO (AMY MCCABE OF COUNSEL), FOR PETITIONER-RESPONDENT. 


 Appeal from an order of the Family Court, Erie County (Brenda M. Freedman, J.), entered December 13, 2019 in a proceeding pursuant to Family Court Act article 3. The order, inter alia, adjudicated respondent to be a juvenile delinquent. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this juvenile delinquency proceeding pursuant to Family Court Act article 3, respondent appeals from an order adjudicating him to be a juvenile delinquent based on the finding that he committed an act that, if committed by an adult, would constitute the crimes of assault in the third degree (Penal Law § 120.00 [2]) and reckless endangerment in the second degree (§ 120.20). Preliminarily, we reject petitioner's contention that the appeal is rendered moot by the expiration of respondent's one-year conditional discharge. "An appeal from a delinquency proceeding is not necessarily rendered moot by the expiration of the term of the conditional discharge, as the delinquency determination 'nevertheless implicates possible collateral legal consequences' " (Matter of Ryan LL., 119 AD3d 994, 994 [3d Dept 2014], lv denied 25 NY3d 904 [2015]).
Although respondent contends that Family Court abused its discretion in allowing certain rebuttal evidence, respondent correctly concedes that he failed to preserve that contention for our review because he failed to object to the allegedly improper evidence (see Matter of Kimaya Mc., 51 AD3d 671, 672 [2d Dept 2008]), and we decline to exercise our power to review that contention in the interest of justice (see generally Matter of Shannon F., 121 AD3d 1595, 1596 [4th Dept 2014], lv denied 24 NY3d 913 [2015]).
We reject respondent's further contention that he received ineffective assistance of counsel. Defense counsel made a successful motion for a trial order of dismissal, resulting in the dismissal of the only felony count of which respondent was charged, and secured a conditional discharge on the misdemeanor charges which respondent was ultimately found to have committed. Viewing the evidence, law, and circumstances of the case in totality and as of the time of the representation, we conclude that respondent received meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]).
Entered: March 19, 2021
Mark W. Bennett
Clerk of the Court