Matter of Oscar R. M. (2023 NY Slip Op 00869)

Matter of Oscar R. M.

2023 NY Slip Op 00869

Decided on February 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
JOSEPH A. ZAYAS
WILLIAM G. FORD, JJ.

2021-02795
 (Docket No. D-9670-19)

[*1]In the Matter of Oscar R. M. (Anonymous), appellant.

Jan Murphy, Huntington, NY, for appellant.
Thomas A. Adams, County Attorney, Mineola, NY (Robert F. Van der Waag and Samantha A. Goetz of counsel), for respondent.

DECISION & ORDER
In a juvenile delinquency proceeding pursuant to Family Court Act article 3, Oscar R. M. appeals from an order of disposition of the Family Court, Nassau County (Conrad D. Singer, J.), dated March 17, 2021. The order of disposition, upon an order of fact-finding of the same court dated September 29, 2020, made upon the admission of Oscar R. M., finding that he committed an act which, if committed by an adult, would have constituted the crime of attempted forcible touching, adjudicated him a juvenile delinquent and placed him in the custody of the New York State Office of Children and Family Services for placement in a nonsecure facility for a period of nine months.
ORDERED that the appeal from so much of the order of disposition as placed Oscar R. M. in the custody of the New York State Office of Children and Family Services for placement in a nonsecure facility for a period of nine months is dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.
The appellant admitted in his allocution before the Family Court that he had "attempted to grab" the "butt" of an individual without her permission or consent "[b]ecause [he] liked her and was attracted to her." Based upon his admission, the court found, in an order of fact-finding dated September 29, 2020, that the appellant had committed an act which, if committed by an adult, would have constituted the crime of attempted forcible touching. In an order of disposition dated March 17, 2021, the court adjudicated the appellant a juvenile delinquent and placed him in the custody of the New York State Office of Children and Family Services for placement in a nonsecure facility for a period of nine months.
The appeal from so much of the order of disposition as placed the appellant in the custody of the New York State Office of Children and Family Services for placement in a nonsecure facility for a period of nine months has been rendered academic, as the period of placement has expired (see Matter of Jurell F., 195 AD3d 825). However, the appeal from so much of the order of disposition as adjudicated the appellant a juvenile delinquent has not been rendered academic, as there may be collateral consequences resulting from the adjudication of juvenile delinquency (see [*2]Family Ct Act § 783; Matter of Dorothy D., 49 NY2d 212).
The appellant's contention that his allocution was defective is unpreserved for appellate review, as he did not move to withdraw his admission on that ground (see Family Ct Act § 321.4; Matter of David H., 88 AD3d 710; Matter of Ricky A., 11 AD3d 532). In any event, contrary to the appellant's contention, the Family Court properly elicited a sufficient factual basis to support the appellant's admission to the allegation in the petition that he committed an act which, if committed by an adult, would have constituted the crime of attempted forcible touching (see Penal Law §§ 110.00, 130.52[1]; Matter of Jurell F., 195 AD3d at 825-826; Matter of Michael J., 267 AD2d 126, 126).
IANNACCI, J.P., CHAMBERS, ZAYAS and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court