Matter of Timar P. (James B.) (2023 NY Slip Op 03654)

Matter of Timar P. (James B.)

2023 NY Slip Op 03654

Decided on June 30, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 30, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, BANNISTER, MONTOUR, AND GREENWOOD, JJ.

569 CAF 22-00826

[*1]IN THE MATTER OF TIMAR P., RESPONDENT-APPELLANT. ONEIDA COUNTY ATTORNEY, PETITIONER-RESPONDENT; JAMES B., APPELLANT. 

SUSAN B. MARRIS, ATTORNEY FOR THE CHILD, MANLIUS, FOR RESPONDENT-APPELLANT.
JOHN J. RASPANTE, UTICA, FOR APPELLANT.
DEANA D. GATTARI, ROME, FOR PETITIONER-RESPONDENT. 

 Appeals from an order of the Family Court, Oneida County (Julia Brouillette, J.), entered March 28, 2022, in a proceeding pursuant to Family Court Act article 3. The order, inter alia, adjudicated respondent to be a juvenile delinquent. 
It is hereby ORDERED that said appeal by James B. is unanimously dismissed, the order is reversed on the law without costs and the matter is remitted to Family Court, Oneida County, for further proceedings on the petition.
Memorandum: In this juvenile delinquency proceeding pursuant to Family Court Act article 3, respondent and his father each appeal from an order of disposition that adjudicated respondent to be a juvenile delinquent and placed him in the custody of the Office of Children and Family Services for a period of 12 months. Even assuming, arguendo, that the father has standing to appeal the order, the father challenges only respondent's placement, and we conclude that his appeal is moot inasmuch as the placement has expired (see Matter of Oscar R.M., 213 AD3d 855, 855 [2d Dept 2023]; Matter of Alvin H., 206 AD3d 1658, 1658-1659 [4th Dept 2022]; Matter of Michael H., 99 AD3d 1258, 1258 [4th Dept 2012]).
Respondent's contention that he was denied his right to a speedy hearing is unpreserved for our review (see Matter of Dashawn R., 114 AD3d 686, 686 [2d Dept 2014], lv denied 23 NY3d 901 [2014]; Matter of Shellito D., 226 AD2d 1075, 1076-1077 [4th Dept 1996]), as is his contention that Family Court erred in considering hearsay evidence at the fact-finding hearing (see generally Matter of Jerome G., 192 AD3d 1476, 1477 [4th Dept 2021], lv denied 37 NY3d 906 [2021]). We decline to exercise our power to address those contentions as a matter of discretion in the interest of justice (see id.).
Respondent contends that the court violated his constitutional and statutory right to be present at the fact-finding hearing. We agree, and we therefore reverse the order and remit the matter to Family Court for further proceedings on the petition. "[R]espondents in juvenile delinquency proceedings have a constitutional and statutory right to be present at all material stages of court proceedings, including fact-finding hearings (see US Const 6th Amend; NY Const, art I, § 6; Family Ct Act § 341.2 [1])" (Matter of Arielle B., 17 AD3d 1056, 1056 [4th Dept 2005]). Respondents "may, however, waive the right to be present at such proceedings" (id.). " 'In order to effect a voluntary, knowing and intelligent waiver, the [respondent] must, at a minimum, be informed in some manner of the nature of the right to be present at [the fact-finding hearing] and the consequences of failing to appear' for that hearing" (id. at 1056-1057). Here, the court did not advise respondent that he had a right to be present at the fact-finding hearing [*2]and that the consequence of his failure to appear would be that the fact-finding hearing would proceed in his absence (see generally People v Parker, 57 NY2d 136, 141 [1982]). We therefore conclude on this record that there is no voluntary, knowing, and intelligent waiver of respondent's right to be present at the hearing (see Arielle, 17 AD3d at 1057; Matter of Anthony B., 43 AD2d 688, 689 [1st Dept 1973]; see also People v Campbell, 209 AD2d 1042, 1042 [4th Dept 1994]).
In light of our determination, we do not address respondent's remaining contentions.
Entered: June 30, 2023
Ann Dillon Flynn
Clerk of the Court