Matter of Zyair M. (2026 NY Slip Op 00672)

Matter of Zyair M.

2026 NY Slip Op 00672

Decided on February 11, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: MONTOUR, J.P., SMITH, GREENWOOD, NOWAK, AND HANNAH, JJ.

51 CAF 25-00532

[*1]IN THE MATTER OF ZYAIR M., RESPONDENT-APPELLANT. ERIE COUNTY ATTORNEY, PETITIONER-RESPONDENT. 

DAVID C. SCHOPP, THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (CRISTIANA RAFIDI OF COUNSEL), FOR RESPONDENT-APPELLANT. 
JEREMY C. TOTH, COUNTY ATTORNEY, BUFFALO (ROBIN S. ENGLER OF COUNSEL), FOR PETITIONER-RESPONDENT.

 Appeal from an order of the Family Court, Erie County (Kara A. Buscaglia, J.), dated March 10, 2025, in a proceeding pursuant to Family Court Act article 3. The order, inter alia, revoked an order of disposition placing respondent on probation and placed him in a residential facility for a period of up to 12 months. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law and in the interest of justice by striking the phrase "with no detention time credit" and substituting therefor the phrase "with 28 days of detention time credit," the New York State Office of Children and Family Services is directed to immediately release respondent from its custody if he has not already been released, and as modified the order is affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 3, respondent appeals from an order that, inter alia, revoked a prior order of disposition placing respondent on probation and placed him in a residential facility for a period of up to 12 months. Respondent contends that Family Court erred in failing to credit him with the 28 days that he spent in detention pending disposition of this matter. Although respondent failed to preserve that contention for our review (see Matter of Michael A., 151 AD3d 566, 566 [1st Dept 2017]), we nevertheless exercise our power to review it in the interest of justice (see generally People v Williams, 49 AD3d 1183, 1184 [4th Dept 2008]).
Family Court Act § 353.3 (5) requires that, "[i]f the respondent has been in detention pending disposition, the initial period of placement ordered . . . shall be credited with and diminished by the amount of time spent by the respondent in detention prior to the commencement of the placement unless the court finds that all or part of such credit would not serve the needs and best interests of the respondent or the need for protection of the community." "[A]bsent a specific finding that such credit would not serve the interests of the juvenile or the community, the credit for time in predisposition detention automatically accrues" (Matter of Miranda C., 103 AD3d 891, 893 [2d Dept 2013]). Inasmuch as the court made no such finding here, respondent is statutorily entitled to the 28-day credit. We therefore modify the order accordingly. Moreover, because the application of the 28-day credit results in the expiration of the 12-month period of placement, we direct the New York State Office of Children and Family Services to immediately release respondent from its custody if he has not already been released (see id. at 894). In light of our determination, respondent's contentions challenging the procedural and factual propriety of the residential placement are academic (see id.; see generally Matter of Timar P. [James B.], 217 AD3d 1591, 1593 [4th Dept 2023]).
Entered: February 11, 2026
Ann Dillon Flynn
Clerk of the Court