FOURTH DEPARTMENT, MAY, 1990

(May 11, 1990)

█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFRED QUAMINA, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant contends on appeal that the court erred in conducting his trial in absentia. We disagree. On January 15, 1988, the court informed defendant that "the matter will be started on the 19th for trial" and that "if you're not here on the 19th * * * the law says that we can start without you." The court repeated that "[t]he trial date is the 19th" and again asserted that "we'll be starting on the 19th". Defendant acknowledged that he knew that the trial would start on the 19th and asserted: "I'll be here."

Four days later, on the morning of January 19, the case was

---

called for trial. Defendant's counsel, codefendant and her counsel, and the prosecutor were present, but defendant did not appear. The court initially recessed until 11:00 A.M. and later extended the recess until 2:00 P.M. Defendant still did not appear and the court denied counsel's request for a further continuance. The court noted that defendant had been informed of the trial date, that all other participants had been "ready this morning to start the trial" and that the court had waited until 2:00 P.M. for defendant to appear. The court ruled that defendant was "fully aware" that the trial would proceed in his absence and concluded that defendant waived his right to be present. After four days of trial, the jury found defendant and codefendant guilty of one count each of criminal sale of a controlled substance in the first degree and criminal possession of a controlled substance in the first degree.

A defendant has a fundamental right to be present at all material stages of a trial (*People v Mehmedi,* 69 NY2d 759, 760; *People v Ciaccio,* 47 NY2d 431, 436). The right is encompassed within the Confrontation Clauses of the State and Federal Constitutions (NY Const, art I, § 6; US Const 6th Amend), and the Criminal Procedure Law (CPL 260.20, 340.50). Since the right is of a fundamental and constitutional nature, a waiver of the right, to be effective, must be voluntary, knowing and intelligent (*People v Smith,* 68 NY2d 725; *People v Parker,* 57 NY2d 136, 140; *People v Epps,* 37 NY2d 343, 350, *cert denied* 423 US 999). The record must demonstrate that the defendant was made aware that the trial would proceed even if defendant failed to appear (*People v Parker, supra,* at 141).

Here, the court's determination that defendant waived his right to be present at trial is fully supported in the record. Defendant was unequivocally instructed that the trial would commence even if defendant failed to appear. Consequently, defendant's nonappearance constituted a waiver of his right to be present at trial.

We reject defendant's argument that even if he waived his right to be present at trial, the court abused its discretion in conducting the trial in absentia (*see, People v Parker,* 57 NY2d 136, 142, *supra*). The court earlier had determined that the failure of defendant to appear on previously scheduled court dates had frustrated the disposition of the charges against both defendant and codefendant. By delaying the start of the trial until 2:00 P.M., the court gave ample opportunity to defendant to be present or for counsel to offer a reasonable explanation for his absence. No justification has ever been

offered for defendant's failure to appear at trial *(see, People v Smith,* 148 AD2d 1007, 1008, *lv denied* 74 NY2d 747). Given the additional considerations attendant upon a multiple defendant trial *(see, United States v Tortora,* 464 F2d 1202, 1210, *cert denied sub nom. Santoro v United States,* 409 US 1063), the court properly exercised its discretion to commence the trial of both defendants even though defendant was not present.

Finally, since the evidence did not support an agency defense, the prosecutor was not required to instruct the Grand Jury on the law applicable to that defense *(see, People v Valles,* 62 NY2d 36; *People v Beverly,* 148 AD2d 922, *lv denied* 74 NY2d 661). (Appeal from judgment of Monroe County Court, Celli, J.—criminal sale of controlled substance, first degree.) Present—Dillon, P. J., Green, Pine, Lawton and Davis, JJ.