■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUSSELL SARGENT, Appellant. [601 NYS2d 736] —Judgment unanimously affirmed. Memorandum: Defendants contend that the cumulative effect of prosecutorial and judicial misconduct deprived them of a fair trial. Although the prosecutor improperly stated that law enforcement officers should receive a medal for their work on the case and that the case was "a conviction [or] they'll *[sic]* never be convictions in Niagara County", there was not a pattern of pervasive misconduct requiring reversal *(see, People v Mott,* 94 AD2d 415, 419). Additionally, there was no judicial misconduct. The court did not overstep its bounds or assume the role of a prosecutor *(see, People v Jacobsen,* 140 AD2d 938, 940).

The integrity of the Grand Jury proceedings was not impaired. One witness testified before the Grand Jury that he had been threatened by defendant Sargent's brother. That was an isolated incident and defendants have not established their

entitlement to the exceptional remedy of dismissal of the indictment *(see, People v Darby,* 75 NY2d 449, 455).

The court did not abuse its discretion in refusing to grant an adjournment to defendants' counsel when, shortly before trial, the prosecutor provided materials to counsel. The decision whether to grant an adjournment is within the sound discretion of the trial court *(People v Singleton,* 41 NY2d 402, 405). Here the materials provided consisted mainly of photographs and police reports and the trial court determined that defense counsel would have ample opportunity to examine the materials for cross-examination *(see, People v Vargulik,* 130 AD2d 530). We conclude that the court did not abuse its discretion.

Defendants argue that the motion for a mistrial at the conclusion of the court's charge should have been granted because of the court's misrepresentation of facts to the jury in its charge. When the court undertakes to marshall the evidence, it must do so in an even-handed manner but need not explain all the contentions of each party *(People v Saunders,* 64 NY2d 665, 667). The critical issue on review is whether the court's charge denied defendants a fair trial *(People v Saunders, supra,* at 667). Although the court's summary of the testimony of several witnesses was erroneous in minor respects, the jury was repeatedly charged that it was the sole trier of fact. We conclude that defendants were not deprived of a fair trial by the charge and that the court did not abuse its discretion in denying the motion for a mistrial.

We have considered defendants' remaining contentions and find them to be without merit. (Appeal from Judgment of Niagara County Court, DiFlorio, J.—Burglary, 2nd Degree.) Present—Denman, P. J., Balio, Lawton, Fallon and Davis, JJ.