■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONOVAN DALEY, Appellant. [617 NYS2d 68] —Judgment unanimously affirmed. Memorandum: County Court did not err in conducting defendant's trial in absentia. The record establishes that defendant was unequivocally instructed that the trial would proceed if he failed to appear. Defendant's nonappearance on the day of trial therefore constituted a waiver of defendant's right to be present at trial *(see, People v Parker,* 57 NY2d 136; *People v Quamina,* 161 AD2d 1110, *lv denied* 76 NY2d 943). The court recessed for several hours so that efforts could be made to locate defendant and then properly exercised its discretion in proceeding with the trial after consideration of all appropriate factors *(see, People v Quamina, supra).*

The court also did not err in denying suppression of a statement taken from defendant by the police. Although defendant alleged that he could not read and was forced to sign the statement, the court was free to discredit that testimony and to credit the testimony of the police officers. Given the

court's advantage of having seen and heard the witnesses, we decline to disturb the court's credibility determination *(see, People v Prochilo,* 41 NY2d 759). (Appeal from Judgment of Monroe County Court, Maloy, J.—Criminal Possession Controlled Substance, 1st Degree.) Present—Green, J. P., Balio, Fallon, Doerr and Boehm, JJ.