THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER WALKER, Appellant. [678 NYS2d 765] —Judgment unanimously affirmed. Memorandum: County Court did not err in conducting the first day of defendant's trial in defendant's absence. On two occasions the court advised defendant of the scheduled trial date and warned him that the trial would proceed in his absence if he failed to appear. Defendant's non-appearance at the first day of trial, therefore, constituted a waiver of the right to be present (*see, People v Parker*, 57 NY2d 136, 141; *People v Dakin*, 199 AD2d 407, 408, *lv denied* 82 NY2d 923; *People v Jackson*, 149 AD2d 969, *lv denied* 74 NY2d 741, 897). The court delayed the start of the trial to allow defendant ample time to travel to court and to enable the prosecutor and defense counsel to locate defendant or provide a reasonable explanation for his absence. When defendant failed to appear and the efforts of counsel to locate him or explain his absence were unsuccessful, the court properly exercised its discretion in commencing the trial in defendant's absence (*see, People v Webb*, 236 AD2d 872, *lv denied* 90 NY2d 865; *People v Daley*, 207 AD2d 1000, *lv denied* 84 NY2d 1010; *People v Quamina*, 161 AD2d 1110, 1111-1112, *lv denied* 76 NY2d 943). (Appeal from Judgment of Monroe County Court, Connell, J.—Absconding Temporary Release, 1st Degree.) Present—Green, J. P., Lawton, Callahan, Balio and Fallon, JJ.