▪ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAMON MOYLER, Appellant. [685 NYS2d 159] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him following a jury trial of manslaughter in the first degree (Penal Law § 125.20 [1]). Defendant contends that County Court failed to give a definitive *Sandoval* ruling. We disagree. The court refused to allow the prosecutor to question defendant about a particular crime unless the prosecutor "sort[ed] out" any confusion between two convictions from 1986. That ruling was sufficiently definite (*cf., People v Patterson*, 203 AD2d 597). Nor did the court err in failing to charge the jury that a stick used by the victim's girlfriend to strike defendant was a dangerous instrument as a matter of law. Under the circumstances, the jury was entitled to determine whether the stick was a dangerous instrument within the meaning of Penal Law § 10.00 (13) (*see, People v Almodovar*, 62 NY2d 126, 132; *cf., People v Naylor*, 120 AD2d 940, *lv denied* 69 NY2d 714).

The contention that allegedly prejudicial remarks by the prosecutor during summation deprived defendant of a fair trial is without merit (*see, People v Hess*, 234 AD2d 925, *lv denied* 90 NY2d 1011; *see also, People v Galloway*, 54 NY2d 396, 401). Defendant has failed to preserve for our review his contention that the court erred in failing to charge the jury that he was justified in using deadly physical force to prevent or terminate the commission of a burglary (*see, People v Perez*, 218 AD2d 754, 755, *lv denied* 86 NY2d 874), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see*, CPL 470.15 [6] [a]). The sentence is neither unduly harsh nor severe. Although the court erred in allowing the prosecutor to impeach a witness with a prior state-

ment (*see*, CPL 60.35 [3]; *People v Swift*, 241 AD2d 949, *lv denied* 91 NY2d 881, 1013), the error is harmless (*see, People v Barber*, 179 AD2d 1002, 1003, *lv denied* 79 NY2d 997). We have reviewed the remaining contentions in defendant's *pro se* supplemental brief and conclude that they are without merit. We specifically note that defendant misquoted the transcript in alleging that the court's charge was in error. (Appeal from Judgment of Niagara County Court, Burns, J.—Manslaughter, 1st Degree.) Present—Denman, P. J., Pine, Pigott, Jr., Callahan and Boehm, JJ.