■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR FOSTER, Appellant. [689 NYS2d 917] —Judgment unanimously affirmed *(see, People v Hidalgo,* 91 NY2d 733). (Appeal from Judgment of Erie County Court, Drury, J.—Criminal Possession Weapon, 3rd Degree.) Present—Pine, J. P., Hayes, Pigott, Jr., Scudder and Balio, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AMEER MCKNIGHT, Appellant. [689 NYS2d 832] —Judgment unanimously affirmed. Memorandum: County Court properly denied defendant's motion to suppress physical evidence and statements made to the police. While investigating a 911 report of a burglar alarm at an apartment building, police officers legally entered defendant's apartment and observed but did not seize two loaded automatic weapons as well as cocaine and scales. Based on their observations, they obtained a search warrant. Although a warrantless search and seizure generally is presumed to be unreasonable *(see, People v Hodge,* 44 NY2d 553, 557), here the officers had reasonable grounds to believe that there was an emergency at the apartment requiring their immediate assistance for the protection of life or property; thus, the initial entry was not motivated by intent to arrest and seize evidence *(see, People v Mitchell,* 39 NY2d 173, 177-179, *cert denied* 426 US 953). (Appeal from Judgment of Erie County Court, Rogowski, J.—Criminal Possession Controlled Substance, 3rd Degree.) Present—Pine, J. P., Hayes, Pigott, Jr., Scudder and Balio, JJ.