THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOUGLAS LITTLE, Appellant. [717 NYS2d 445] —Judgment unanimously affirmed. Memorandum: Supreme Court properly permitted an undercover officer to testify that he had met with defendant on a prior occasion; that testimony was relevant with respect to the limited issue of identification (*see, People v Ventimiglia*, 52 NY2d 350, 359). We agree with defendant, however, that the court erred in permitting the officer to testify concerning the purpose of the prior meeting. That testimony was not relevant to the issue of identification and was highly prejudicial (*see, People v Pena-Martinez*, 206 AD2d 858, *lv denied* 84 NY2d 938). The admission of the officer's testimony concerning the purpose of the prior meeting is harmless error, however, because the evidence of defendant's guilt is overwhelming and there is no significant probability that defendant otherwise would have been acquitted (*see, People v Crimmins*, 36 NY2d 230, 241-242). (Appeal from Judgment of Supreme Court, Monroe County, Sirkin, J.—Criminal Sale Controlled Substance, 2nd Degree.) Present—Pigott, Jr., P. J., Green, Hayes, Wisner and Lawton, JJ.