■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYFIELD LARKIN, Appellant. [723 NYS2d 293] —Judgment unanimously modified on the law and as modified affirmed in accordance with the following Memorandum: Supreme Court properly denied defendant's suppression motion. During police surveillance of a suspected drug house, police observed defendant approach and leave that house. One of the officers recognized defendant and knew that his driver's license had been suspended numerous times. Defendant entered his vehicle and drove away at a high rate of speed. The officers followed defendant without activating their emergency lights or siren. They observed defendant commit several Vehicle and Traffic Law violations before he drove into a mini-mart parking lot, exited his vehicle and entered the store. The officers followed defendant into the store and observed him placing a glassine baggie of cocaine under a jacket on a store counter. Defendant was taken into custody for aggravated unlicensed operation of a motor vehicle (Vehicle and Traffic Law § 511) and unlicensed operation of a motor vehicle (Vehicle and Traffic Law § 509). He was taken to the police station and, during questioning there, he confessed to purchasing the cocaine for $1,500 at the house under surveillance.

Defendant contends that the court erred in refusing to suppress the cocaine because he was stopped unlawfully and his abandonment of the cocaine resulted from unlawful police conduct. We disagree. "Defendant's car came to a stop without the police having activated their lights and sirens. Because defendant's car had come to a stop, the police needed only an objective, credible reason to approach [defendant]" (*People v Strong,* 234 AD2d 990, *lv denied* 89 NY2d 1016). In any event, the police had reasonable suspicion of criminal activity sufficient to support a pursuit or stop (*see generally, People v*

*Holmes,* 81 NY2d 1056, 1057-1058; *People v Hollman,* 79 NY2d 181, 184-185). Aggravated unlicensed operation in any degree is a crime *(see generally,* Vehicle and Traffic Law § 511).

Defendant, who was tried in absentia, further contends that the court erred in proceeding with the trial in his absence because his absence was not voluntary and the efforts made to secure his presence were insufficient. We reject that contention. Defendant was given *Parker* warnings *(see, People v Parker,* 57 NY2d 136, 141) and was advised of the trial date. The court adjourned the trial when defendant failed to appear, and attempts were made to locate him. The court did not err in proceeding with the trial in defendant's absence *(see, People v Daley,* 207 AD2d 1000, *lv denied* 84 NY2d 1010; *see also, People v Quamina,* 161 AD2d 1110, 1111-1112, *lv denied* 76 NY2d 943). The fact that defendant was arrested on a bench warrant for other charges while the jury was deliberating did not restore his right to be present *(see, People v Kaplan,* 223 AD2d 364).

We agree with defendant, however, that the conviction of criminal possession of a controlled substance in the third degree must be reversed. The charge was dismissed prior to trial based on the insufficiency of the evidence before the Grand Jury of intent to sell, but the court included that charge when it listed the counts of the indictment at trial and the People presented expert testimony on the element of intent to sell. We reject defendant's contention, however, that the error requires reversal of the other convictions. Defendant failed to preserve for our review his contention that the court erred in admitting evidence concerning the dismissed charge in violation of *People v Ventimiglia* (52 NY2d 350; *see, People v Carter,* 263 AD2d 958, *lv denied* 94 NY2d 820; *People v Fyffe,* 249 AD2d 938, *lv denied* 92 NY2d 897). Were we to exercise our power to review the issue as a matter of discretion in the interest of justice *(see,* CPL 470.15 [6] [a]), we would conclude that the error, if any, is harmless. The proof of guilt is overwhelming and there is no significant probability that defendant otherwise would have been acquitted *(see, People v Little,* 278 AD2d 863; *People v Morris,* 267 AD2d 1032, *lv denied* 95 NY2d 800). Two eyewitnesses observed defendant place the 2.12 ounces of cocaine on the counter, and defendant confessed to possessing the cocaine.

We further reject the contention of defendant that he was denied effective assistance of counsel based on defense counsel's failure to seek preclusion of evidence relating to the dismissed charge. Although defense counsel should have objected to the evidence, that one isolated error was not so " ' "egregious and

prejudicial" ' " as to deprive defendant of a fair trial (*People v Benevento*, 91 NY2d 708, 713). The record establishes that defendant received meaningful representation (*see, People v Benevento, supra*, at 713; *People v Baldi*, 54 NY2d 137, 147).

Defendant failed to preserve for our review his contention that the court erred in admitting his unsigned, unsworn confession because it lacked acknowledgment. Defendant failed to object to the admission of the statement on that ground at trial (*see, People v Palmer*, 263 AD2d 361, 362, *lv denied* 93 NY2d 1024, *cert denied* 528 US 1051; *see also, People v Ross*, 21 NY2d 258, 263). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see*, CPL 470.15 [6] [a]). The conviction of criminal possession of a controlled substance in the second degree is not against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495), and the sentence is neither unduly harsh nor severe, given defendant's extensive criminal history. We modify the judgment, therefore, by reversing the conviction of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]), vacating the sentence imposed thereon and dismissing count two of the indictment. (Appeal from Judgment of Supreme Court, Monroe County, Mark, J.—Criminal Possession Controlled Substance, 2nd Degree.) Present— Green, J. P., Pine, Hayes, Scudder and Burns, JJ.