■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIFFANY H. McCANN, Appellant. [738 NYS2d 642] —Appeal from a judgment of Supreme Court, Erie County (Rossetti, J.), entered July 16, 1999, convicting defendant after a jury trial of, inter alia, assault in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Supreme Court properly permitted the prosecutor to use the transcript of a telephone conversation illegally intercepted by a private citizen to impeach defendant on cross-examination (see, People v Hughes, 124 AD2d 344, 346-347, lv denied 69 NY2d 828; People v Brooks, 56 AD2d 634; see generally, People v Dixon, 228 AD2d 175, lv denied 88 NY2d 1068). Contrary to defendant's contention, the evidence of serious physical injury is legally sufficient to support the

conviction of assault in the first degree (Penal Law § 120.10 [1], [3]) and assault in the second degree (Penal Law § 120.05 [8]) (*see generally, People v Bleakley,* 69 NY2d 490, 495). The court properly denied the motion of defendant to suppress evidence obtained as the result of a police officer's warrantless entry into her residence. "The officer had reasonable grounds to believe that an emergency was at hand and a reasonable basis for associating that emergency with the area searched," and thus his entry into defendant's residence was justified by exigent circumstances (*People v Longboat,* 278 AD2d 836, 836, *lv denied* 96 NY2d 802; *see, People v McKnight,.* 261 AD2d 926, *lv denied* 94 NY2d 826). Defendant failed to substantiate her contention that African-Americans were underrepresented in the jury pool or that such alleged underrepresentation was the result of intentional discrimination or systematic exclusion of African-Americans from the jury pool (*see, People v Blanchard,* 279 AD2d 808, 811, *lv denied* 96 NY2d 826; *People v Jordan,* 261 AD2d 947, *lv denied* 93 NY2d 1003). The record supports the court's determination that defendant waived her right to be present at the suppression hearing (*see, People v Quamina,* 161 AD2d 1110, 1111, *lv denied* 76 NY2d 943), and the court properly conducted the hearing in her absence (*see, People v Walker,* 254 AD2d 824, *lv denied* 92 NY2d 1055). We further conclude that the court properly denied defendant's request to instruct the jury on the affirmative defense to unlawful imprisonment set forth in Penal Law § 135.15. No reasonable view of the evidence supports that defense (*see generally, People v Butts,* 72 NY2d 746, 750). The sentence is not unduly harsh or severe. Present—Green, J.P., Hayes, Hurlbutt, Kehoe and Lawton, JJ.