THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KAREEM SINGLETARY, Appellant. [755 NYS2d 165] —Appeal from a judgment of Monroe County Court (Marks, J.), entered April 6, 2001, convicting defendant after a jury trial of, inter alia, robbery in the first degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of, inter alia, two counts of robbery in the first degree (Penal Law § 160.15 [3], [4]) in connection with the robbery of a convenience store. We reject defendant's contention that County Court improperly admitted evidence that the store employee who was working at the time of the robbery recognized defendant because he had purchased marijuana from defendant on two occasions within a few weeks prior to the robbery. It is axiomatic that evidence of prior uncharged crimes that is relevant to show the identity of defendant "may not be received unless its probative value exceeds the potential for prejudice resulting to defendant" (*People v Alvino,* 71 NY2d 233, 242). We conclude that the probative value of the evidence at issue outweighs any prejudice resulting to defendant. Furthermore, the "evidence was necessary to complete the witness's narrative" (*People v Ortiz,* 273 AD2d 482, 483, *lv denied* 96 NY2d 737). Defendant failed to request that the court give a curative instruction with respect to that evidence and thus failed to preserve for our review his further contention that the court's failure to do so was error (*see* CPL 470.05 [2]; *People v Santos,* 266 AD2d 320, *lv denied* 94 NY2d 906). In any event, the evidence of defendant's guilt is overwhelming, and there is no significant probability that defendant otherwise would have been acquitted. Thus, we conclude that any error is harmless (*see People v Crimmins*, 36 NY2d 230, 241-242; *Santos,* 266 AD2d 320). Defendant's

sentence is neither unduly harsh nor severe. Present—Pigott, Jr., P.J., Green, Scudder, Gorski and Lawton, JJ.