THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL D. LETT, SR., Appellant. [784 NYS2d 764]—

Appeal from a judgment of the Niagara County Court (Peter L. Broderick, Sr., J.), rendered September 5, 2002. The judgment convicted defendant, upon a jury verdict, of robbery in the third degree and assault in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of robbery in the third degree (Penal Law § 160.05) and assault in the third degree (§ 120.00 [1]). Contrary to the contention of defendant, he was not denied his statutory and constitutional right to be present at trial (*see generally People v Spotford*, 85 NY2d 593, 596 [1995]). "In order to effect a voluntary, knowing and intelligent waiver [of the right to be present at trial], the defendant must, at a minimum, be informed in some manner of the nature of the right to be present at trial and the consequences of failing to appear for trial [citations omitted]. This, of course, in turn requires that defendant simply be aware that trial will proceed even though he or she fails to appear" (*People v Parker*, 57 NY2d 136, 141 [1982]). Here, the record establishes that defendant was apprised of the trial date by both County Court and defense counsel and that, at his first appearance before the court, he was warned that the trial would be held in his absence if he did not appear for trial. In addition, the record contains a written acknowledgment signed by defendant stating that he was so warned and understood the warning. Prior to the commencement of trial, the court asked the local police to search for defendant, and defense counsel also attempted to locate him, but he was not found. Thus, we conclude that the record establishes that defendant "knowingly, voluntarily, and intelligently waived his right to be present at trial" (*People v Almonte*, 210 AD2d 911, 911 [1994], *lv denied* 85 NY2d 859 [1995]).

Defendant further contends that the evidence is legally insufficient because he was convicted based on the uncorroborated

testimony of his accomplices. That contention lacks merit. The necessary corroboration of the accomplice testimony was provided by the testimony of a nonaccomplice with whom defendant discussed the robbery, admitting his role therein, and the testimony of another non-accomplice who corroborated the testimony of the accomplices concerning the jacket worn by defendant during the robbery (*see* CPL 60.22 [1]; *People v Pierce*, 303 AD2d 966 [2003], *lv denied* 100 NY2d 565 [2003]). Also contrary to defendant's contention, the verdict is amply supported by the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). Present—Hurlbutt, J.P., Kehoe, Gorski, Martoche and Hayes, JJ.