THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RASHAWN CHAPMAN, Appellant. [816 NYS2d 256]—

Appeal from a judgment of the Niagara County Court (Peter L. Broderick, Sr., J.), rendered October 3, 2003. The judgment convicted defendant, upon a jury verdict, of manslaughter in the first degree, criminal facilitation in the second degree, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of manslaughter in the first degree (Penal Law § 125.20 [1]), criminal facilitation in the second degree (§ 115.05), criminal possession of a weapon in the second degree (§ 265.03 [2]), and criminal possession of a weapon in the third degree (§ 265.02 [4]). Defendant contends that the evidence is legally insufficient to support the conviction of, inter alia, man-

slaughter and criminal facilitation because the People failed to present evidence establishing that the shooting of the victim was not justified. In addition, defendant contends that the evidence is legally insufficient to support the conviction of manslaughter because the People failed to present evidence establishing that he shared the shooter's intent to injure the victim and intentionally aided the shooter in doing so, and because the testimony of the shooter was not sufficiently corroborated. Defendant failed to preserve his contentions concerning the legal sufficiency of the evidence for our review by his general motion to dismiss (*see People v Gray*, 86 NY2d 10, 19 [1995]), and his motion to set aside the verdict also did not preserve his contentions for our review (*see People v Hines*, 97 NY2d 56, 61 [2001], *rearg denied* 97 NY2d 678 [2001]). In any event, the conviction is supported by legally sufficient evidence and, contrary to defendant's further contention, the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]).

With respect to the justification defense, the People presented evidence establishing beyond a reasonable doubt that the shooter "was not acting in self-defense when he drew his gun" (*People v Hall*, 220 AD2d 615, 615 [1995]) and that the shooter could have retreated (*see* Penal Law § 35.15 [2] [a]; *People v Gaines*, 26 AD3d 269 [2006]; *Hall*, 220 AD2d at 615). The evidence of defendant's guilt as an accomplice is also legally sufficient to support the conviction of manslaughter and the verdict is not against the weight of the evidence with respect to that count. " 'Accessorial liability requires only that defendant, acting with the mental culpability required for the commission of the crime, intentionally aid another in the conduct constituting the offense' " (*People v Woods*, 238 AD2d 900, 900 [1997], *lv denied* 90 NY2d 912 [1997]). The People presented evidence establishing that defendant shared the shooter's intent to cause serious physical injury to the victim and intentionally aided the shooter by providing him with the weapon and informing the victim where the shooter was located, thereby leading the victim to the shooter (*see* Penal Law § 20.00; *People v Rosado*, 26 AD3d 532 [2006]; *People v Camacho*, 22 AD3d 367 [2005], *lv denied* 6 NY3d 752 [2005]; *People v McLean*, 307 AD2d 586, 587 [2003], *lv denied* 100 NY2d 643 [2003]; *see generally People v Whatley*, 69 NY2d 784, 785 [1987]). In addition, the testimony of the shooter was sufficiently corroborated inasmuch as two witnesses testified that defendant informed them after the shooting that he had wanted the victim to be shot and had helped the shooter by providing him with the gun (*see People v Lett*, 12 AD3d 1076, 1076-1077 [2004], *lv denied* 4 NY3d 765 [2005]; *People v Adams*, 278 AD2d 920, 922 [2000], *lv denied* 96 NY2d 825 [2001]).

We reject defendant's further contention that County Court erred in its characterization of the testimony of a witness during its jury instructions. In any event, even assuming, arguendo, that the court's characterization was inaccurate, we conclude that the court properly instructed the jurors that they were the sole triers of fact (*see People v Sargent*, 195 AD2d 987, 988 [1993], *lv denied* 82 NY2d 808 [1993]), and thus defendant was not denied a fair trial by the alleged inaccurate characterization of the testimony of that witness (*see generally People v Saunders*, 64 NY2d 665, 667 [1984]; *Sargent*, 195 AD2d at 988). Also contrary to the contention of defendant, the court properly denied his request to instruct the jury that the box cutter and baseball bat in the victim's possession were dangerous instruments as a matter of law inasmuch as those were disputed issues of fact for the jury's resolution (*see People v Almodovar*, 62 NY2d 126, 132 [1984]; *People v Moyler*, 256 AD2d 1108 [1998], *lv denied* 93 NY2d 975 [1999]). Finally, the sentence is not unduly harsh or severe. Present—Kehoe, J.P., Gorski, Martoche, Green and Hayes, JJ.