■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH G. JONES, Appellant. [817 NYS2d 849]—

Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered May 20, 2005. The judgment convicted defendant, upon a jury verdict, of robbery in the second degree (three counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of three counts of robbery in the second degree (Penal Law § 160.10 [1]). Contrary to the contention of defendant, County Court did not err in conducting the trial in his absence. The record establishes that defendant had received the requisite warnings pursuant to *People v Parker* (57 NY2d 136, 141 [1982]) and had been told that the trial would commence on a certain date, and we thus conclude that defendant waived his right to be present (*see People v Lett,* 12 AD3d 1076 [2004], *lv denied* 4 NY3d 765 [2005]; *People v Almonte,* 210 AD2d 911 [1994], *lv denied* 85 NY2d 859 [1995]; *People v Daley,* 207 AD2d 1000 [1994], *lv denied* 84 NY2d 1010 [1994]). The court determined that a postponement of the trial pending execution of the bench warrant was not likely to result in defendant's appearance within a reasonable period of time and thus, contrary to defendant's contention, the court did not err in issuing the bench warrant and proceeding with the trial (*see People v Diotte,* 305 AD2d 721, 722 [2003], *lv denied* 100 NY2d

580 [2003]; *People v Shook*, 294 AD2d 710, 711 [2002], *lv denied* 98 NY2d 702 [2002]; *People v Johnson*, 262 AD2d 155, 156 [1999], *lv denied* 94 NY2d 798 [1999]). Indeed, defendant was not apprehended on the bench warrant until approximately eight months after the commencement of the trial.

Defendant failed to preserve for our review his further contention that he was deprived of a fair trial by the prosecutor's comments on summation (*see People v Dean*, 28 AD3d 1118 [2006]; *People v Lawrence*, 28 AD3d 1123 [2006]), and that contention is lacking in merit in any event. Present—Hurlbutt, J.P., Kehoe, Gorski, Green and Pine, JJ.