THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONOVAN ANDERSON, Appellant. [859 NYS2d 852]—

Appeal from a judgment of the Jefferson County Court (Lee Clary, J.), rendered July 15, 1993. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a jury trial of criminal possession of a controlled substance in the first degree (Penal Law former § 220.21 [1]), defendant contends that County Court erred in refusing to suppress the drugs found in his vehicle because the police lacked probable cause to stop and search his vehicle. We conclude that

defendant abandoned that contention, inasmuch as he failed to seek a ruling on that part of his omnibus motion or to object to the admission of that evidence at trial (*see People v Smith*, 13 AD3d 1121, 1122 [2004], *lv denied* 4 NY3d 803 [2005]; *People v Smikle*, 1 AD3d 883, 884 [2003], *lv denied* 1 NY3d 634 [2004]; *see generally People v Rodriguez*, 50 NY2d 553, 557 [1980]). Defendant failed to preserve for our review his further contention that he was deprived of a fair trial by prosecutorial misconduct on summation (*see People v Smith*, 32 AD3d 1291, 1292 [2006], *lv denied* 8 NY3d 849 [2007]) and, in any event, that contention is without merit. The prosecutor's comments were either a fair response to defense counsel's summation or fair comment on the evidence (*see People v McCauley*, 19 AD3d 1130, 1131 [2005], *lv denied* 5 NY3d 808 [2005]). Defendant also failed to preserve for our review his challenge to the legal sufficiency of the evidence (*see People v Gray*, 86 NY2d 10, 19 [1995]).

Contrary to the contention of defendant, the court did not abuse its discretion in trying and sentencing him in absentia. Based on the record before us, we conclude that defendant had received the requisite warnings pursuant to *People v Parker* (57 NY2d 136, 141 [1982]) and was informed that the trial would commence on a certain date. We thus conclude that defendant waived his right to be present at trial and at sentencing (*see People v Jones*, 31 AD3d 1193 [2006], *lv denied* 7 NY3d 868 [2006]; *People v Almonte*, 210 AD2d 911 [1994], *lv denied* 85 NY2d 859 [1995]; *People v Daley*, 207 AD2d 1000 [1994], *lv denied* 84 NY2d 1010 [1994]). The verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]), and the sentence is not unduly harsh or severe. We have considered defendant's remaining contentions and conclude that they are without merit. Present—Hurlbutt, J.P., Martoche, Smith, Green and Pine, JJ.