■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE RICHARDSON, Appellant. [870 NYS2d 292]—

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). Contrary to defendant's argument, we find that the evidence supporting the element of serious physical injury was overwhelming. Furthermore, the court properly declined to charge second-degree assault as a lesser included offense because there is no reasonable view of the evidence, viewed in a light most favorable to defendant, that would support a finding that he only caused physical injury. In addition to abdominal injuries that could readily be inferred by a jury to have been life-threatening, the victim sustained prominent and disfiguring scars on his face and head, which, standing alone, constituted serious physical injury (*see* Penal Law § 10.00 [10]), and there was no reasonable view that they only amounted to physical injury (*see People v Vasquez*, 25 AD3d 465 [2006], *lv denied* 6 NY3d 854 [2006]; *People v Lawrence*, 256 AD2d 358 [1998], *lv denied* 93 NY2d 973 [1999]). The record clearly reflects that the victim showed these scars to the jury, and defendant's argument to the contrary is without merit.

The court properly permitted the jointly tried codefendant, over defendant's objection, to establish that the victim told an

interviewing prosecutor that the codefendant sold drugs for defendant, but that the victim had never seen defendant supply the codefendant with drugs. We need not decide the extent, if any, that the principles of *People v Molineux* (168 NY 264 [1901]) apply to uncharged crimes evidence elicited not by the prosecution, but by a codefendant, or address the circumstances under which one defendant may elicit evidence damaging to another where no pretrial severance motion has been made (*see People v McGee*, 68 NY2d 328, 333-334 [1986]), because the brief and limited testimony could not have caused defendant any prejudice. At most, this evidence tended to show that the victim had made an unsupported accusation against defendant, thereby evincing arguable bias and lack of credibility. Furthermore, any error in receipt of this evidence was harmless (*see People v Crimmins*, 36 NY2d 230 [1975]). Defendant's constitutional claim, and his claim that the court should have provided a limiting instruction, are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal.

We perceive no basis for reducing the sentence. Concur—Lippman, P.J., Gonzalez, Nardelli, Buckley and Acosta, JJ.