■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARL L. ROGERS, Appellant. [894 NYS2d 313]—Appeal from a judgment of the Supreme Court, Monroe County (David D. Egan, J.), rendered July 1, 2005. The judgment convicted defendant, upon a jury verdict, of rape in the first degree and criminal sexual act in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of rape in the first degree (Penal Law § 130.35 [3]) and criminal sexual act in the first degree (§ 130.50 [3]). Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). "Issues of credibility . . . , including the weight to be given the backgrounds of the People's witnesses and inconsistencies in their testimony, were properly considered by the jury and there is no basis for disturbing its determinations" (*People v Garrick*, 11 AD3d 395, 396 [2004], *lv denied* 4 NY3d 744, 745, 798, 799 [2004]).

Defendant failed to preserve for our review his contentions that Supreme Court erred in admitting the testimony of prosecution witnesses concerning conduct of defendant unrelated to the instant crimes solely to establish his propensity to commit the instant crimes (*see People v Lasage*, 221 AD2d 1006, 1006-1007 [1995], *lv denied* 88 NY2d 849 [1996]), and in admitting evidence concerning a charge that was dismissed during trial (*see People v Larkin*, 281 AD2d 915, 916 [2001], *lv denied* 96 NY2d 864 [2001]). Defendant also failed to preserve for our review his contention that the court erred in failing to give the jury curative instructions with respect to that evidence (*see People v Singletary*, 302 AD2d 952 [2003], *lv denied* 100 NY2d 542 [2003]). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

We reject the contention of defendant that he was denied effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). " '[I]t is incumbent on defendant to demonstrate the absence of strategic or other legitimate explanations' for [defense] counsel's alleged shortcomings" (*People v Benevento*, 91 NY2d 708, 712 [1998], quoting *People v Rivera*, 71 NY2d 705, 709 [1988]) and, here, defendant failed to meet that burden. "The alleged instances of ineffective assistance concerning defense counsel's failure to make various

objections[, to move to preclude certain evidence or to seek curative instructions] 'are based largely on [defendant's] hindsight disagreements with . . . trial strategies, and defendant failed to meet his burden of establishing the absence of any legitimate explanations for those strategies' " (*People v Douglas*, 60 AD3d 1377, 1377 [2009], *lv denied* 12 NY3d 914 [2009]).

We have considered defendant's remaining contentions and conclude that they are without merit. Present—Smith, J.P., Centra, Fahey, Green and Pine, JJ.