THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTONIO D. RUTLEDGE, Appellant. [894 NYS2d 668]—

Appeal from a judgment of the Supreme Court, Monroe County (Joseph D. Valentino, J.), rendered June 6, 2008. The

judgment convicted defendant, upon a jury verdict, of manslaughter in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of manslaughter in the first degree (Penal Law § 125.20 [1]). We reject defendant's contention that the evidence is legally insufficient to support the conviction (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Defendant was charged as an accessory, and "[a]ccessorial liability requires only that defendant, acting with the mental culpability required for the commission of the crime, intentionally aid another in the conduct constituting the offense" (*People v Chapman*, 30 AD3d 1000, 1001 [2006], *lv denied* 7 NY3d 811 [2006] [internal quotation marks omitted]). The People presented evidence establishing that defendant shared his codefendants' intent to cause serious physical injury to the victim and intentionally aided the codefendants by fighting with the victim while the victim was being stabbed and by kicking the victim after he fell to the ground. Thus, the People presented legally sufficient evidence establishing that the stabbing was the " 'culmination of a continuum of events in which [defendant] participated and continued to participate' " (*People v Little*, 186 AD2d 1072 [1992], *lv denied* 81 NY2d 1075 [1993]). Furthermore, viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

Contrary to the further contention of defendant, Supreme Court's *Sandoval* ruling does not constitute an abuse of discretion. The court properly determined that, in the event that defendant testified, the People would be entitled to cross-examine him with respect to his prior conviction of prostitution (*see People v Civitello*, 152 AD2d 812, 814 [1989], *lv denied* 74 NY2d 947 [1989]; *People v Rhodes*, 96 AD2d 565, 567 [1983], *lv denied* 60 NY2d 970 [1983]), and his history of arrests arising from bench warrants (*see People v Taylor*, 253 AD2d 471 [1998], *lv denied* 92 NY2d 952 [1998]). Finally, the sentence is not unduly harsh or severe. Present—Scudder, P.J., Smith, Fahey and Lindley, JJ.