THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENT DAVIS, Appellant. [934 NYS2d 150]—

The court properly precluded defendant's psychiatric expert witness from expressing an opinion on defendant's intent. The expert's proposed testimony had no genuine bearing on whether defendant acted intentionally within the meaning of Penal Law § 15.05 (1), and it would not have helped to clarify an issue calling for professional or technical knowledge beyond the knowledge of the jurors (*see People v Cronin*, 60 NY2d 430, 433 [1983]; *People v Kincey*, 168 AD2d 231, 232 [1990], *lv denied* 78 NY2d 955 [1991]). At most, the proposed testimony tended to establish the undisputed fact that the crime was not premeditated. Defendant's constitutional claim regarding this issue is without merit (*see Crane v Kentucky*, 476 US 683, 689-690 [1986]).

The court properly declined to charge second-degree assault as a lesser included offense. There was no reasonable view of the evidence, viewed in a light most favorable to defendant, that he only caused physical injury (*see People v Richardson*, 57 AD3d 410 [2008], *lv denied* 12 NY3d 787 [2009]). Defendant stabbed his wife many times with a large knife, causing life-threatening injuries. The victim was hospitalized for 10 days after sustaining, among other things, a puncture wound just below her left clavicle and a partial lung collapse, which required that a tube be inserted into her chest. Defendant also caused serious physical injury by causing permanent and disfiguring scars (*see*

*People v McKinnon*, 15 NY3d 311, 315 [2010]). Furthermore, given the violence of the attack, there is no reasonable view of the evidence under which defendant intended to cause physical injury as opposed to serious physical injury.

The court properly exercised its discretion in admitting certain evidence that defendant challenges as hearsay. In any event, to the extent the court made any errors in this regard, we find them to be harmless.

By failing to object, by making only generalized objections, and by failing to request further relief after objections were sustained, defendant failed to preserve his present challenges to the People's cross-examination and summation, and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal (*see People v Overlee*, 236 AD2d 133 [1997], *lv denied* 91 NY2d 976 [1998]; *People v D'Alessandro*, 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d 884 [1993]). The court's curative actions were sufficient to prevent any prejudice.

We find the sentence not to be excessive. Concur—Andrias, J.P., Saxe, Sweeny, Acosta and Manzanet-Daniels, JJ.