# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**442**

**KA 09-01802**

PRESENT: WHALEN, P.J., CARNI, NEMOYER, TROUTMAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                      MEMORANDUM AND ORDER

ALFRED L. LIGAMMARI, JR., DEFENDANT-APPELLANT.

---

EVAN LUMLEY, BUFFALO, FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered May 26, 2009. The judgment convicted defendant, upon a jury verdict, of criminal sexual act in the first degree (six counts), criminal sexual act in the third degree (six counts), sexual abuse in the first degree, attempted rape in the first degree, attempted rape in the third degree and endangering the welfare of a child.

It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice by reducing the sentence imposed for attempted rape in the first degree to a determinate term of imprisonment of 3½ years and as modified the judgment is affirmed in accordance with the following memorandum: Defendant appeals from a judgment convicting him following a jury trial of six counts each of criminal sexual act in the first degree (Penal Law § 130.50 [1]) and criminal sexual act in the third degree (§ 130.40 [2]), and one count each of sexual abuse in the first degree (§ 130.65 [1]), attempted rape in the first degree (§§ 110.00, 130.35 [1]), attempted rape in the third degree (§§ 110.00, 130.25 [2]), and endangering the welfare of a child (§ 260.10 [1]). By failing to renew his motion for a trial order of dismissal after presenting evidence, defendant failed to preserve for our review his challenge to the legal sufficiency of the evidence (*see People v Hines*, 97 NY2d 56, 61, *rearg denied* 97 NY2d 678). In any event, defendant's contention is without merit. Viewing the evidence in the light most favorable to the People, as we must (*see People v Contes*, 60 NY2d 620, 621), we conclude that there is a valid line of reasoning and permissible inferences from which the jury could conclude that the elements of the crimes were proven beyond a reasonable doubt (*see generally People v Bleakley*, 69 NY2d 490, 495). We further conclude that, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), the verdict is not against the weight of the

evidence (*see generally Bleakley*, 69 NY2d at 495).

Contrary to defendant's contention, Supreme Court did not abuse its discretion by continuing the trial in defendant's absence when defendant did not appear in court on the final day of trial. The record establishes that the court had given defendant the requisite warnings (*see People v Parker*, 57 NY2d 136, 141), and he therefore waived his right to be present at trial (*see People v Zafuto*, 72 AD3d 1623, 1623-1624, *lv denied* 15 NY3d 758; *People v Jones*, 31 AD3d 1193, 1193, *lv denied* 7 NY3d 868). Contrary to defendant's further contention, "[t]he fact that defendant was arrested [in another state] for other charges while the jury was deliberating did not restore his right to be present" (*People v Larkin*, 281 AD2d 915, 916, *lv denied* 96 NY2d 864; *see People v Herrera*, 219 AD2d 511, 511, *lv denied* 87 NY2d 847).

Finally, we agree with defendant that the sentence of incarceration is unduly harsh and severe. Thus, as a matter of discretion in the interest of justice (*see generally* CPL 470.15 [6] [b]), we modify the judgment by reducing the sentence imposed for attempted rape in the first degree to a determinate term of incarceration of 3½ years, with the 10-year period of postrelease supervision imposed by the court, thereby reducing the aggregate sentence to a determinate term of incarceration of 35½ years, with a period of 10 years of postrelease supervision.

Entered:  June 10, 2016                          Frances E. Cafarell
                                                 Clerk of the Court