People v Smith (2021 NY Slip Op 00931)





People v Smith


2021 NY Slip Op 00931


Decided on February 11, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, TROUTMAN, AND DEJOSEPH, JJ.


102 KA 18-01268

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
COREY R. SMITH, DEFENDANT-APPELLANT. 






CHARLES J. GREENBERG, AMHERST, FOR DEFENDANT-APPELLANT.
KRISTYNA S. MILLS, DISTRICT ATTORNEY, WATERTOWN (NOLAN D. PITKIN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Jefferson County Court (Kim H. Martusewicz, J.), rendered March 27, 2018. The judgment convicted defendant upon a jury verdict of criminal possession of a weapon in the third degree, menacing in the first degree, harassment in the second degree and menacing in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon a jury verdict of criminal possession of a weapon in the third degree (Penal Law § 265.02 [1]), menacing in the first degree (§ 120.13), harassment in the second degree (§ 240.26 [1]), and menacing in the second degree (§ 120.14 [1]), defendant contends that the evidence is legally insufficient to support the conviction with respect to the weapon possession and menacing counts. Contrary to defendant's contention, the evidence, viewed in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), is legally sufficient to support the conviction with respect to those counts (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). In addition, viewing the evidence with respect to all four counts of which defendant was convicted in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
Contrary to defendant's further contention, County Court did not abuse its discretion by continuing the trial in defendant's absence when defendant did not appear in court on the second and third days of trial. The record establishes that the court had given defendant the requisite warnings (see People v Parker, 57 NY2d 136, 141 [1982]), and he therefore waived his right to be present at trial (see People v Ligammari, 140 AD3d 1631, 1632 [4th Dept 2016], lv denied 28 NY3d 971 [2016]; People v Bynum, 125 AD3d 1278, 1278 [4th Dept 2015], lv denied 26 NY3d 927 [2015]; People v Anderson, 52 AD3d 1320, 1321 [4th Dept 2008], lv denied 11 NY3d 733 [2008]).
Entered: February 11, 2021
Mark W. Bennett
Clerk of the Court