People v Gramajo (2023 NY Slip Op 03705)

People v Gramajo

2023 NY Slip Op 03705

Decided on July 5, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
PAUL WOOTEN
WILLIAM G. FORD
BARRY E. WARHIT, JJ.

2019-06374
 (Ind. No. 97/17)

[*1]The People of the State of New York, respondent,
v
Eswin Gramajo, appellant.

Patricia Pazner, New York, NY (Leila Hull of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Keith Dolan, and Sawyer White of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Jill Konviser, J.), rendered May 8, 2019, convicting him of manslaughter in the first degree and assault in the first degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt of manslaughter in the first degree beyond a reasonable doubt (see People v Rivera, 23 NY3d 112, 124; People v Nafi, 132 AD3d 1301, 1302; People v Gill, 20 AD3d 434, 434). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410). Upon reviewing the record here, we are satisfied that the verdict of guilt as to that crime was not against the weight of the evidence (see People v Nafi, 132 AD3d at 1302; People v McFadden, 168 AD2d 461, 461).
The defendant's contention that he was deprived of a fair trial by certain remarks made by the prosecutor during summation is unpreserved for appellate review (see CPL 470.05[2]; People v Alvardo, 203 AD3d 941, 942). In any event, although certain of the prosecutor's remarks would have been better left unsaid, they were not, either individually or collectively, so egregious as to deprive the defendant of a fair trial (see People v Reid, 212 AD3d 845, 846; People v Morales, 201 AD3d 819, 819-820).
Contrary to the defendant's contention, the Supreme Court properly declined to include a charge of assault in the second degree as a lesser included offense of assault in the first degree. "'A party who seeks to have a lesser included crime charged to the jury must satisfy a two-pronged inquiry'" (People v Milonovich, 215 AD3d 764, 764, quoting People v Rivera, 23 NY3d 112, 120). "First, 'the crime must be a lesser included offense'" (People v Milonovich, 215 AD3d at 764, quoting People v Rivera, 23 NY3d at 120). "Second, the party making the request for a charge-down must 'show that there is a reasonable view of the evidence in the particular case that [*2]would support a finding that [the defendant] committed the lesser included offense but not the greater'" (People v Milonovich, 215 AD3d at 764-765, quoting People v Rivera, 23 NY3d at 120). The evidence must be viewed in the light most favorable to the defendant (see People v Flores, 165 AD3d 695, 696). Here, the first prong is satisfied because assault in the second degree is a lesser included offense of assault in the first degree (see People v Burnett, 100 AD3d 1561, 1562). However, the second prong is not satisfied. Viewing the record in the light most favorable to the defendant (see People v Martin, 59 NY2d 704, 705), there was no reasonable view of the evidence to support a finding that the defendant intended to cause physical injury, but not serious physical injury, to a victim whom the defendant stabbed multiple times in the neck and back (see People v Davis, 90 AD3d 461, 461).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
BARROS, J.P., WOOTEN, FORD and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court